IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIAMOND RANCH ACADEMY, INC.,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>CHELSEA FILER,[1]<br><br>Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:14-CV-751-TC |

In this defamation case, Defendant Chelsea Filer has filed a Special Motion to Strike

Plaintiff Diamond Ranch Academy's First Amended Complaint.  Ms. Filer brings her motion

under the California anti-SLAPP statute, which is applicable here.  (See June 9, 2015 Order &

Mem. Decision (Dkt. No. 55).)  Diamond Ranch Academy (DRA) has moved for a stay of

briefing on the Special Motion to Strike so that it may conduct discovery.  For the reasons set

forth below, DRA has not shown the requisite "good cause" for discovery and, consequently, the

court denies DRA's request.  The court directs the parties to complete briefing on the Special

Motion to Strike following the schedule outlined below.

**Claims Alleged in the Amended Complaint**

DRA brings claims for libel, libel per se, slander, slander per se, and intentional

interference with prospective economic advantage.  In its Amended Complaint, DRA identifies

---

[1]The Plaintiff has since changed her last name to Papciak, but because the official docket
lists her as Chelsea Filer, the court will refer to her as Ms. Filer.

eighteen allegedly false written statements that Ms. Filer published on Facebook, on Ms. Filer's

website www.drasurvivors.com, and in an email to the Utah Department of Human Services.

(See Am. Compl. ¶ 11 (Dkt. No. 26).)  Some of those statements are paraphrased.  In its

complaint, DRA lists six sources for those statements and includes the date of publication for

each statement.  (Id.)  DRA also alleges, on information and belief, that Ms. Filer made oral

defamatory remarks about DRA, but it does not provide any examples.  (See id. at ¶¶ 10, 12, 45.)

**Ms. Filer's Special Motion to Strike**

In her motion, Ms. Filer asks the court to dismiss all of DRA's claims.  First, she argues

that the claims are time-barred because the publication dates occurred outside the one-year

statute of limitations period.  Second, she contends that the slander and slander per se claims are

not supported by any factual allegations whatsoever and should be dismissed outright for failure

to state a claim.  Third, she says that the published statements are true[2] or are not provably false.

Fourth, according to Ms. Filer, DRA is a public figure and cannot satisfy the clear and

convincing standard to prove actual malice.  Fifth, she maintains that the intentional interference

claim fails because, without a showing of defamation, DRA cannot establish the "improper

means" element of the cause of action.  And, finally, Ms. Filer asserts that, to the extent DRA's

claims are based on the posting of statements submitted by other individuals, she is immune from

suit under Section 230 of the Communications Decency Act.  That Act exempts providers and

users of an "interactive computer service" from liability for information "provided by another

information content provider."  47 U.S.C. § 230(c)(1).  Ms. Filer contends that her website is an

---

[2]To support that conclusion, she filed her own declaration as well as declarations of four
individuals who attended DRA.

interactive computer service and that she is an exempt publisher because she either posted others' statements or edited those statements before posting.

**Standard for Evaluating a Special Motion to Strike**

To avoid dismissal, DRA "must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."  Contemporary Servs. Corp. v. Staff Pro Inc., 152 Cal. App. 4th 1043, 1052 (Cal. Ct. App. 2007) (emphasis added).  In other words, DRA is required to show that it will in all probability prevail on the merits of each claim.  Cal. Civ. Proc. Code § 425.16(b)(3) (West 2015).

To prevail on its defamation claims, DRA must establish the following: (1) Ms. Filer published statements about DRA that were false, defamatory, and not subject to any privilege; (2) Ms. Filer published the statements with the requisite degree of fault (either negligence or actual malice, depending on whether DRA is a private or a public figure); and (3) the publication damaged DRA.  World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1136, 1139 (10th Cir. 2006);  Ferguson v. Williams & Hunt, Inc., 221 P.3d, 205, 213 (Utah 2009).

To establish a tortious interference claim, DRA is required to show that Ms. Filer intentionally interfered with DRA's existing or potential economic relations by improper means in a manner that caused injury to DRA.  Eldridge v. Johndrow, 345 P.3d 553, 565 (Utah 2015). In this case, DRA contends that the "improper means" is the alleged defamation.

**Standard for Obtaining Permission to Conduct Discovery**

Under the California anti-SLAPP law, when a party files a Special Motion to Strike, all discovery, by default, is stayed pending resolution of the motion.  Cal. Civ. Proc. Code

§ 425.16(g) ("All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section.  The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion.").  The purpose of that rule is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."  Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001).  Nevertheless, DRA seeks discovery, citing to the following narrow exception in the statute: "The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding [the default stay imposed by § 425.16(g)]."  Cal. Civ. Proc. Code § 425.16(g) (West 2015).

To establish good cause for discovery, DRA must demonstrate that it lacks "information that is essential to its opposition."  New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1101 (C.D. Cal. 2004).  Specifically, it "must explain with particularity why it is unable to oppose the motion, state with specificity what facts it intends to seek through discovery, and show how its discovery efforts are reasonably expected to create a triable issue."  Id. at 1102.

**DRA Has Not Shown Good Cause For Discovery.**

DRA has not established good cause for discovery because the information it needs to oppose the motion is already in the record or in its own hands (in addition, courts must view the evidence in a light most favorable to the plaintiff).

DRA seeks permission to conduct discovery (both depositions and written requests for information) concerning Ms. Filer's intent and state of mind when she published the targeted

statements.[3]  But to obtain discovery on the elements of defamation (including intent), DRA must

first "mak[e] a prima facie showing that the defendant's published statements contain provably

false factual assertions."  Paterno v. Superior Ct., 163 Cal. App. 4th 1342, 1346 (Cal. Ct. App.

2008).  This threshold showing is necessary, because a true statement cannot be defamatory

regardless of the defendant's intent.  Brehany v. Nordstrom, Inc., 812 P.2d 49, 57-58 (Utah

1991).  "Trial judges should refrain from ordering 'unnecessary, expensive and burdensome'

discovery proceedings 'if it appears from the SLAPP motion there are significant issues as to

falsity or publication—issues which the plaintiff should be able to establish without discovery."

Paterno, 163 Cal. App. 4th at 1349 (Cal. Ct. App. 2008) (emphasis added) (quoting Garment

Workers Ctr. v. Superior Ct., 117 Cal. App. 4th 1156, 1162 (Cal. Ct. App. 2004)).

    Indeed, DRA claims that it has already established a prima facie case of falsity through

the declarations it submitted in opposition to Ms. Filer's declarations.  That is a good example of

why discovery is not necessary at this time.[4]

    DRA also requests discovery concerning dates of publication so that it may address Ms.

Filer's statute of limitations defense.  But DRA has already listed the dates of publication in its

First Amended Complaint.  (See Am. Compl. ¶ 11.)

    Right now a full review of the merits of the issues is not necessary for an analysis of the

_____

    [3]DRA requested discovery to explore the credibility of Ms. Filer's declaration.  But
"[d]iscovery may not be obtained merely to 'test' the opponent's declarations."  1-800-Contacts,
Inc. v. Steinberg, 107 Cal. App. 4th 568, 593 (Cal. Ct. App. 2003).

    [4]Because no analysis has been done on each of the eighteen statements, some of which are
only summarized for the court (and all of which are already in DRA's possession), it is premature
at this stage to reach any conclusion about whether DRA has established a prima facie case of
falsity.

viability of DRA's claims.  DRA need only show "evidence of sufficient substantiality."

New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1099 (C.D. Cal. 2004) (internal cites and

quotation marks omitted).  "In making this determination, the court is to consider the pleadings,

and supporting and opposing affidavits stating the facts upon which liability is premised,"

nothing more.  Id. (emphasis added).

## ORDER

For the reasons set forth above, Plaintiff Diamond Ranch Academy's Motion to Stay

Briefing (Docket No. 39) and Ex Parte Motion for Extension of Time to file an opposition to the

Special Motion to Strike (Docket No. 40) are DENIED.  The court sets the following schedule

for completion of briefs on the merits of Ms. Filer's Special Motion to Strike: DRA's brief

opposing Ms. Filer's Special Motion to Strike is due no later than Tuesday, September 29, 2015.

Ms. Filer may file a response no later than Tuesday, October 13, 2015.  The court will hold a

hearing on the Special Motion to Strike (Docket No. 32) on Tuesday, November 10, 2015, at

10:00 a.m.

DATED this 15th day of September, 2015.

BY THE COURT:

_Tena Campbell_

TENA CAMPBELL
U.S. District Court Judge