IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIAMOND RANCH ACADEMY, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>vs.<br><br>CHELSEA FILER,<br><br>    Defendant and Counterclaim<br>    Plaintiff. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>ON REQUEST FOR JUDICIAL NOTICE<br><br>Case No. 2:14-CV-751-TC |

In connection with Defendant Diamond Ranch Academy's (DRA) opposition[1] to Defendant Chelsea Filer's Special Motion to Strike, DRA has filed a Request for Judicial Notice.[2] For the reasons set forth below, the Request is GRANTED IN PART AND DENIED IN PART.

In its Request for Judicial Notice, DRA sets forth a lengthy list of documents and facts that it asks the court to conclusively state are true. Ms. Filer opposes most of the requests, but agrees that certain facts are proper for judicial notice.[3]

Under Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

---

[1] ECF No. 71.

[2] ECF No. 72.

[3] See ECF No. 89.

territorial jurisdiction; or (2) can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice is the process by which

> a judge recognizes the truth of certain facts, from which their nature are not properly the subject of testimony, or which are universally regarded as established by common knowledge.  The recognition of certain facts by the judge is proper without proof because such facts are not subject to reasonable dispute.

Meredith v. Beech Aircraft Corp., 18 F.3d 890, 895 (10th Cir. 1994).

The category of facts qualifying for judicial notice is relatively narrow.  "The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses.  If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary.  A high degree of indisputability is the essential prerequisite." Fed. R. Evid. 201(a) advisory committee's note to 1972 Proposed Rules (emphasis added).  "The kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997).  Much of the information offered by DRA does not fall within that category of facts.

Ms. Filer does not object to judicial notice of the following facts:

1. The State of Utah's Department of Human Services (DHS) has licensed DRA to provide residential treatment services to adolescents.[4]

---

[4] DRA asks the court to judicially notice the following: "That Diamond Ranch Academy was, and is, lawfully licensed as a Residential Youth Treatment Facility by the State of Utah Department of Human Services from June 1, 2005 to the present." (ECF No. 72 at 3.)  But the evidence submitted does not completely support the statement.  In particular, the dates on the

    2.       The State of Utah's Department of Human Services (DHS) has licensed DRA as a "Mental Health/Substance Abuse/Residential Support Facility" for young adults.

    3.       DHS stated that (1) it approved DRA's "Mental Health/Substance Abuse/Residential Support Facility" license because it believed that certain reports showed that "reasonable standards of care are maintained" at DRA, and (2) it believed "the services provided meet the requirements established by [Utah] State Standards."

    4.       DRA's current staff have professional licenses and certifications in medicine, chiropractic medicine, cardiopulmonary resuscitation (CPR), phlebotomy, nursing, psychiatric nursing, nursing assistant, cosmetology/esthetician, physician assistant," physical therapy, mental health counseling, social work, and marriage and family therapy.

(Def.'s Response to Pl.'s Request for Judicial Notice (ECF No. 89) at 4, 7-9.)  The court agrees that the above information contains adjudicative facts that are proper for judicial notice.  See, e.g., Winzler v. Toyota Motor Sales U.S.A., Inc., 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files traditionally qualify for judicial notice").

But, as Ms. Filer correctly points out, much of the information that DRA presents does not qualify for judicial notice because, in order to recognize the information articulated by DRA, the court would have to make a legal conclusion based on evidence that may reasonably be questioned.  For example, DRA asks the court to judicially notice the following "facts": (1) "That during the time period to this matter 'reasonable standards of care [were] maintained [at Diamond Ranch Academy] and the services provided [adult clients for Mental Health/Substance Abuse/Residential Support met] the requirements established by [the Department of Human

---

licensing certificates do not line up back to back—there appear to be gaps in time.  And the types of licensed facilities within DRA vary each year with no explanation.  The inconsistency makes it difficult to determine the truth of the more sweeping statement above.  The court is only comfortable recognizing the more general fact as Ms. Filer has articulated it.

Services'] State Standards"; (2) "That DRA does not unlawfully incarcerate children"; and (3) "That Defendant's statement: 'when a parent sends a child to DRA, the child will be abused' is false." (Pl.'s Request for Judicial Notice (ECF No. 72) at 7.) Taking judicial notice of that information would not be a proper use of the court's authority under Rule 201.

In addition, some of the evidence proffered by DRA to support the specific statements is insufficient. For instance, the statement in Paragraph II.E. of DRA's judicial notice request—"That Diamond Ranch Academy's Residential Youth Treatment Program 'employees . . . are properly screened to work with youth'"—specifically relates to DRA but the evidence provided is a generic statement on the licensing agency's website that has no information about DRA. (See ECF No. 72 at 4, Ex. B; see also id. ¶ II.F (based on same generic statement).)

For the reasons set forth, the court judicially recognizes Facts 1 through 4 (articulated above). The court declines to judicially notice the remaining information provided by DRA in its Request.

SO ORDERED this 17th day of February, 2016.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge